Edgar J. Nathan, J.
This motion is brought to enjoin the commissioner of licenses of the City of New York, pendente lite, from interfering with the exhibition of the motion pictures in two theatres whose licenses have been suspended by the respondent because of such exhibition, and from continuing the suspension of the licenses. The defendant commissioner of licenses has stated in his affidavit opposing this motion that “ the question of the propriety of exhibiting the aforementioned motion pictures were not in issue ” and it was stated on the argument of the motion that the commissioner never attacked the content of the pictures nor of the books sold at the theatres. The only complaints were those stated in the summons served by the commissioner, to wit:
“ 1. Permitting lectures to be given from the stage.
2. Soliciting the sale of booklets from the stage ” and that these two acts constituted live performances and so violated the common show licenses. A hearing was held before the commissioner on February 11, 1957, at which the plaintiffs conceded both that such a lecture was held and that the sale of books was solicited from the stage. The commissioner held that in each case there was a violation of the law and regulations and that the theatres 1 ‘ have been offering advertising and providing entertainment and a production not permitted under their Common Show license.” He thereupon suspended “ each of these licenses for one week with the notice that when these licenses are restored, or at the end of the suspension, that if in either of these theatres any exhibition is conducted other than motion pictures the license will be revoked.”
There appears to be a serious question as to the right of the commissioner to take the action he did. There is involved also the meaning of the term ‘‘ motion picture” as used in section B32-40.0 of the Administrative Code which defines what a ‘ ‘ common show ’ ’ includes. In this connection, reference is made to the definition of “ motion picture ” contained in section B32-22.0 of the Administrative Code.
*652 In any event, no claim is made by the commissioner that the pictures or booklets create any offense against morality, decency or public welfare. The charge is limited to the contention that the licenses issued do not cover the kind of production given. Defendant issues a different form of license for such productions and asserts plaintiffs do not hold such a license.
It cannot be said that any substantial injury or damage would accrue to the city by the issuance of a temporary injunction. On the other hand, serious damage would be suffered by the plaintiffs if it were not issued. In balancing the rights and equities, this seems to be an appropriate case for the issuance of an injunction pendente lite. Accordingly, the motion therefor is granted and an injunction pendente lite shall issue.
Settle order on one day’s notice. Upon the settlement, the amount of any bond that may be required will be fixed.